United States District Court
Southern District of Texas
**ENTERED**
April 13, 2021
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF TEXAS

# HOUSTON DIVISION

| | | |
|---|---|---|
| CAROL GLOCK, Individually and on Behalf of All Others Similarly Situated, | § § § | Civil Action No. 4:20-cv-03928 |
| Plaintiff, | § § | <u>CLASS ACTION</u> |
| vs. | § § | Judge Lee H. Rosenthal |
| FTS INTERNATIONAL, INC., et al., | § § | |
| Defendants. | § § § | |
| | § | |

**ORDER AND FINAL JUDGMENT**

On the 12th day of April, 2021, a hearing having been held before this Court pursuant to the Order Preliminarily Approving Settlement and Providing for Notice dated December 8, 2020 (the "Preliminary Approval Order"), to determine: (1) whether the terms and conditions of the Stipulation of Settlement dated November 19, 2020 (the "Stipulation"), are fair, reasonable, and adequate for the settlement of all claims asserted by the Settlement Class against the Settling Defendants in the operative complaint now pending in this Court under the above caption (the "Litigation"), including the release of the Released Defendant Parties, and should be approved; (2) whether judgment should be entered dismissing the Litigation on the merits and with prejudice in favor of the Settling Defendants herein and as against all persons or entities who are Members of the Settlement Class herein who have not timely and validly requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the Settlement proceeds among the Members of the Settlement Class; and (4) whether and in what amount to award Lead Counsel's fees and expenses and Lead Plaintiff's expenses.  The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing, substantially in the form approved by the Court, was mailed to all Persons, reasonably identifiable, who purchased or otherwise acquired FTS International, Inc. ("FTSI") publicly traded common stock in or traceable to the Company's February 2, 2018 initial public offering ("IPO"), including all Persons who purchased or acquired FTSI common stock on or after February 2, 2018 (the "Settlement Class"), as shown by the records compiled by the Claims Administrator in connection with its mailing of the Notice, at the respective addresses set forth in such records, and that a summary notice of the hearing, substantially in the form approved by the Court, was published pursuant to the Preliminary Approval Order as set forth in the Declaration of Ross D. Murray, and the Supplemental Declaration of Ross D. Murray; and the Court having considered and determined the fairness and reasonableness

- 1 -

of the award of attorneys' fees and expenses requested by Lead Counsel; and all capitalized terms used herein having the meanings set forth and defined in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.     The Court has jurisdiction over the subject matter of this Litigation and all matters relating to the Settlement, as well as personal jurisdiction over the Lead Plaintiff, all Settlement Class Members, and Settling Defendants.

2.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies for purposes of settlement only a Settlement Class defined as all Persons who purchased FTSI common stock in or traceable to the Company's February 2, 2018 IPO, including all Persons who purchased or acquired FTSI common stock on or after February 2, 2018.  Excluded from the Settlement Class are Settling Defendants and the Related Parties; the officers and directors of the Settling Defendants and the Related Parties at all relevant times; members of their immediate families and their legal representatives, heirs, successors or assigns; and any entity in which Settling Defendants have or had a controlling interest.  Also excluded from the Settlement Class is any Settlement Class Member that validly and timely requested exclusion in accordance with the requirements set by the Court, of which there are none.

3.     This Court hereby affirms its determinations in the Preliminary Approval Order and finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Lead Plaintiff are typical of the claims of the Settlement Class she seeks to represent; (d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent the interests of the Settlement Class;

(e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order and finally appoints Lead Plaintiff Carol Glock as class representative for the Settlement Class and Robbins Geller Rudman & Dowd LLP and Johnson Fistel, LLP as class counsel for the Settlement Class.

5.    Notice of the pendency of this Litigation as a class action and of the proposed Settlement was given to all Settlement Class Members who could be identified with reasonable effort.  The Court finds that the form and method of notifying the Settlement Class of the pendency of this Litigation as a class action and of the terms and conditions of the proposed Settlement: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Litigation; (ii) the effect of the proposed Settlement (including the releases to be provided thereunder); (iii) Lead Counsel's application for fees and expenses and Lead Plaintiff's expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's application for fees and expenses and Lead Plaintiff's expenses; (v) the right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), Section 21 of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 (the

"PSLRA"), and all other applicable laws and rules.  No Settlement Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.  A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon.

6.     Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, the Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the amount of the Settlement, the releases provided for therein, and the dismissal with prejudice of the claims asserted in the Litigation), and finds that the Settlement is, in all respects, fair, reasonable, adequate, and in the best interests of the Settlement Class.  Subject to the terms and provisions of the Stipulation and the conditions therein being satisfied, the parties are directed to consummate the Settlement.

7.     Except as to any individual claim of those Persons who have validly and timely requested exclusion from the Settlement Class, all of the claims asserted in the Litigation, as well as all of the Released Claims (including, without limitation, Unknown Claims), are hereby dismissed in their entirety with prejudice as to the Releasing Plaintiff Parties and as against each and all of the Released Defendant Parties.  The Settling Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8.     The terms of the Stipulation and of this Judgment shall be forever binding on Lead Plaintiff, Settling Defendants, Releasing Plaintiff Parties, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Proof of Claim or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.

9. The releases as set forth in ¶¶4.1-4.4 of the Stipulation (the "Releases"), together with the definitions contained in ¶¶1.1-1.34 relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date.

10. Upon the Effective Date, Lead Plaintiff and each and all of the Releasing Plaintiff Parties who have not timely opted out of the Settlement Class, and anyone claiming through or on behalf of any of them are hereby permanently barred and enjoined from the commencement, institution, prosecution, or maintenance against Settling Defendants or any Released Defendant Parties in any state or federal court or arbitral or administrative forum, or in the court of any foreign jurisdiction, of any and all Released Claims (including, without limitation, Unknown Claims), as well as any other claims arising out of, relating to or in connection with, the defense, settlement, or resolution of the Litigation or the Released Claims, regardless of whether such Settlement Class Member executes and delivers a Proof of Claim.

11. Upon the Effective Date, Lead Plaintiff shall, and each of the Releasing Plaintiff Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed all Released Claims against the Released Defendant Parties. Lead Plaintiff and the Releasing Plaintiff Parties are bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation. The Released Claims are hereby compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed as against the Released Defendant Parties on the merits and with prejudice by virtue of the proceedings herein and this Judgment.

12. Upon the Effective Date, each of the Released Defendant Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiff, each and all of the Settlement Class Members, and Lead Plaintiff's Counsel from all claims (including, without limitation, Unknown Claims) arising out of, relating to,

or in connection with the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Defendants' Claims.

13.     Neither this Judgment, the Stipulation (whether or not consummated), including the Exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), nor any of their terms and provisions, nor any of the negotiations, discussions, or proceedings connected with the Stipulation, nor any act performed or document executed pursuant to or in furtherance of the Stipulation, or the Settlement (including any arguments proffered in connection therewith), nor any of the documents or statements referred to therein nor any payment or consideration provided for therein, shall be:

(a)     offered or received against the Released Defendant Parties as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any fact alleged by the Lead Plaintiff or the validity of any claim that has been or could have been asserted in this Litigation or in any other litigation alleging a Released Claim, or the deficiency of any defense that has been or could have been asserted in this Litigation or in any other litigation alleging a Released Claim, or of any liability, negligence, fault, or wrongdoing of any kind of the Released Defendant Parties;

(b)     offered or received against the Released Defendant Parties as evidence of a presumption, concession or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Released Defendant Parties;

(c)     offered or received against the Released Defendant Parties as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Released Defendant Parties, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may

be necessary to effectuate the provisions of the Stipulation; provided, however, that the Released Defendant Parties may refer to it to effectuate the liability protection granted them hereunder;

(d) construed against the Released Defendant Parties, Lead Plaintiff, or the Settlement Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial or in any proceeding other than this Settlement; or

(e) construed as or received in evidence as an admission, concession, or presumption against Lead Plaintiff or any of the Settlement Class Members that any of their claims are without merit, or that any defenses asserted by the Released Defendant Parties have any merit or that damages recoverable under the operative complaint would not have exceeded the Settlement Fund.

14. Notwithstanding the provisions of the preceding paragraph, the Released Defendant Parties and their respective counsel may refer to or file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense, claim, or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim or otherwise to enforce the terms of the Settlement.

15. The Court finds that Settling Defendants have satisfied their financial obligations under the Stipulation by paying or causing to be paid $9,875,000 to the Settlement Fund.

16. The Court finds and concludes that the Lead Plaintiff, Lead Plaintiff's Counsel, Settling Defendants, and Settling Defendants' Counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and/or settlement of this Litigation.

17.     Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.  Separate orders shall be entered regarding approval of a plan of allocation and Lead Counsel's application for an award of attorneys' fees and expenses.

18.     Any appeal or any challenge affecting the approval of:  (a) the Plan of Allocation submitted by Lead Counsel; and/or (b) this Court's approval regarding any attorneys' fee and expense applications shall in no way disturb or affect the finality of the other provisions of this Judgment nor the Effective Date of the Settlement.

19.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining application for attorneys' fees and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing and administering the Settlement.

20.     In the event that the Settlement does not become Effective in accordance with the terms of the Stipulation, or is terminated pursuant to ¶7.3 of the Stipulation, ¶¶7.5, 7.6 and 7.7 of the Stipulation shall apply and this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and may not be introduced as evidence or reflected in any action or proceeding by any person or entity, and each party shall be restored to his, her or its respective position as it existed prior to October 16, 2020.

21.     Without further order of the Court, the parties to the Stipulation are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any Exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement.

Without further order of the Court, the parties to the Stipulation may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

22.     There is no just reason for delay in the entry of this Judgment as a final judgment in this Litigation and immediate entry by the Clerk of the Court is expressly directed.

DATED:  _____April 13, 2021_____         _____

THE HONORABLE LEE H. ROSENTHAL
UNITED STATES DISTRICT JUDGE